# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **MICHAEL COOK**<br>36966 South Lakeshore Boulevard<br>Eastlake, Ohio 44095<br><br>      Plaintiff,<br><br>vs.<br><br>**VANGUARD PROPERTY<br>MANAGEMENT, LTD.**<br>13540 Detroit Avenue<br>Lakewood, Ohio 44107<br><br>and<br><br>**DAN SHEPARD**<br>13540 Detroit Avenue<br>Lakewood, Ohio 44107<br><br>      Defendants. | Case No.<br><br>Judge<br><br>**Complaint**<br><br>(Jury Demand Endorsed Hereon) |

For his complaint against Defendant Vanguard Property Management, Ltd. ("Vanguard") and Dan Shepard ("Shepard") (collectively, "Defendants"), Plaintiff Michael Cook ("Cook") alleges as follows:

## Introduction

1. Dan Shepard did not like that one of his maintenance employees missed work for an on-the-job injury, and then returned with restrictions. So 11 days after the employee returned to work, Shepard and Vanguard—the company he owns—fired the employee, telling him the company did not need him anymore. That employee was Michael Cook.

2. Before firing him, Defendants had Cook regularly work more than 40 hours a week, primarily doing blue-collar maintenance work at various Vanguard

properties around Cleveland. But Defendants did not pay Cook time-and-a-half for the hours he worked in excess of 40 per week, which Ohio and federal law require. Nor did Defendants maintain accurate records of his time, which Ohio and federal law also require.

3. This case is about Defendants' retaliatory termination of Cook, and their failure to comply with Ohio and federal overtime law.

## The parties

4. Vanguard is a property management company with its principal place of business in Cuyahoga County, Ohio.

5. At all times relevant to this lawsuit, Vanguard was an "employer" within the meaning of the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Wage Act ("OMWA"), and Ohio Revised Code Section 4123.90.

6. At all times relevant to this lawsuit, Shepard was an owner of Vanguard, and its Director of Operations.

7. At all times relevant to this lawsuit, Shepard acted directly or indirectly in the interest of Vanguard with respect to the employment of Cook and others.

8. At all times relevant to this lawsuit, Shepard was an "employer" within the meaning of the FLSA and the OMWA.

9. At all times relevant to this lawsuit, Defendants were an "enterprise" within the meaning of the FLSA and OMWA.

10. At all times relevant to this lawsuit, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and OMWA.

11. Cook is an Ohio resident, and at all times relevant to this lawsuit was an "employee" within the meaning of the FLSA, OMWA, and R.C. 4123.90.

12. At all times relevant to this lawsuit, Cook was an employee engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and OMWA.

## Venue and jurisdiction

13. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

14. Jurisdiction over the state-law claims is proper under 28 U.S.C. § 1367 because those claims are part of the same case or controversy as the federal claims.

15. Venue is proper in this Court under 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because a substantial part of the events or omissions giving rise to the claims occurred within this Court's jurisdiction.

## General allegations

16. Defendants employed Cook on several different occasions, with the most recent beginning around December 2015 or January 2016.

### *Cook's primary job duty was maintenance work.*

17. Although Defendants gave Cook the job title of property manager, in reality, he was a maintenance worker.

18. Cook's primary job duties involved maintenance work at various Vanguard properties in the Cleveland area.

19. Cook regularly worked between 52 and 60 hours per week.

20. Cook spent the bulk of his working hours for Vanguard doing this maintenance work.

21. Defendants assigned the maintenance work to Cook.

*Defendants have Cook physically distribute work orders filled out by the owner, but retain all discretion over who does what work and when they do it.*

22. A secondary aspect of Cook's job entailed physically handing out pre-written work orders to Vanguard's other maintenance workers at the start of a daily shift.

23. Handing out the work orders took around 20 to 30 minutes a day.

24. Shepard filled out the work orders and gave them to Cook to physically distribute.

25. Shepard decided which employees would complete which maintenance tasks, and in what order.

26. Cook had no discretion in handing out the work orders, or to depart from the assignment of tasks Shepard decided.

27. Cook's primary job duties were not office or non-manual work directly related to the management of the business.

28. Cook did not customarily and regularly direct or supervise two or more employees.

29. Cook had no authority to hire, fire, or discipline employees.

30. Nor were Cook's recommendations on employee discipline given particular weight by Vanguard.

31. Once, Cook wanted to fire an employee but Defendants would not let him.

4

*Defendants criticize Cook for having work restrictions from his work injury, and fire him 11 days after he returns from workers' compensation leave.*

32. In November 2016, Cook fractured his elbow on-the-job.

33. Cook filed for workers' compensation benefits as a result of his injury.

34. Cook needed surgery on his elbow.

35. Cook had elbow surgery and was off of work from around February 1st to February 13th, 2017.

36. Cook returned to work with doctor-ordered restrictions, set to last for 30 days.

37. Within days of his return to work, Shepard criticized Cook for his restrictions, claiming Cook was using his injury as an excuse not to perform certain tasks.

38. On February 24, 2017, Shepard again criticized Cook for his work restrictions, and told him if he would not do what Shepard wanted, when Shepard wanted, he might as well "get the hell out of here."

39. Shepard then fired Cook, telling him "I don't need you anymore," before turning around and leaving.

## Count One – Workers' compensation retaliation

40. Cook realleges each allegation stated above, and incorporates them herein.

41. By filing for workers' compensation benefits, Cook engaged in activity protected by R.C. 4123.90.

42. Vanguard was aware of Cook's protected activity.

43. Vanguard took adverse action against Cook when it fired him.

44. There is a causal connection between Cook's protected activity and

5

Vanguard's decision to fire him.

45. As a direct and proximate consequence of Vanguard's unlawful and retaliatory misconduct, described above, Cook has: lost salary, wages, and benefits; incurred attorneys' fees and costs of litigation; and, been otherwise injured. Some or all of his damages will continue to accrue indefinitely into the future.

46. Vanguard is therefore liable to Cook for workers' compensation retaliation in violation of R.C. 4123.90.

47. Within 90 days following Cook's discharge by Vanguard, Cook sent Vanguard written notice that he claimed it violated R.C. 4123.90.

### Count Two – Failure to pay overtime under the FLSA

48. Cook realleges each allegation stated above, and incorporates them herein.

49. Cook repeatedly worked for Defendants in excess of 40 hours per workweek.

50. Defendants did not pay Cook for all hours worked in excess of 40 hours per workweek.

51. Defendants' failure to pay Cook for all hours worked in excess of 40 hours per workweek at times one and one-half his regular rate, and Defendants' failure to keep records of all hours worked by Cook, violated the FLSA.

52. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

53. In committing the violations described herein, Shepard, acting in his capacity as an officer and owner of Vanguard, engaged in wrongful acts consisting of breaches of duty, neglect, and other wrongful acts and omissions, including

but not limited to breach and neglect of the duty to compensate Plaintiff for all hours worked.

54. As a result of Defendants' practices, policies, acts, omissions, and breaches as described herein, Cook has been damaged in that he has not received wages due to him under the FLSA.

55. Defendants are therefore liable to Cook under the FLSA for his unpaid overtime wages, plus an equal amount in liquidated damages, plus attorneys' fees and costs of suit.

## **Count Three – Failure to pay overtime under the OMWA**

56. Cook realleges each allegation stated above, and incorporates them herein.

57. Cook repeatedly worked for Defendants in excess of 40 hours per workweek.

58. Defendants did not pay Cook for all hours worked in excess of 40 hours per workweek.

59. Defendants' failure to pay Cook for all hours worked in excess of 40 hours per workweek at times one and one-half his regular rate, and Defendants' failure to keep records of all hours worked by Cook, violated the OMWA.

60. By engaging in the above-mentioned conduct, Defendants willfully, knowingly, and/or recklessly violated the provisions of the OMWA.

61. In committing the violations described herein, Shepard, acting in his capacity as an officer and owner of Vanguard, engaged in wrongful acts consisting of breaches of duty, neglect, and other wrongful acts and omissions, including but not limited to breach and neglect of the duty to compensate Plaintiff for all hours worked.

62. As a result of Defendants' practices, policies, acts, omissions, and breaches as described herein, Cook has been damaged in that he has not received wages due to him under the OMWA.

63. Defendants are therefore liable to Cook under the OMWA for his unpaid overtime wages, plus attorneys' fees and costs of suit.

### Count Four – Failure to maintain accurate time records under the OMWA

64. Cook incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully rewritten herein, and further states that in violation of Ohio Revised Code Chapter 4111 and Article II, Section 34a of the Ohio Constitution, Defendants failed to maintain accurate time records of each hour worked by Cook and those similarly situated.

65. In accordance with Ohio Revised Code Chapter 4111 and Article II, Section 34a of the Ohio Constitution, Cook seeks equitable relief, monetary damages, and attorneys' fees and costs incurred as a result of Defendants' illegal misconduct.

### Count Five – Failure to timely pay wages

66. Cook incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully rewritten herein, and further states that during the relevant time periods, Defendants breached the requirements of Ohio Revised Code section 4113.15 by failing to pay him all wages owed to him within 30 days of the regularly scheduled payday for each pay period in which he worked in excess of 40 hours in one workweek.

67. For each regularly scheduled payday, Defendants are liable for liquidated

damages in the amount of $200 or 6% of the unpaid overtime wages, whichever is greater.

**WHEREFORE,** Cook respectfully requests that the Court: enter judgment in his favor on all claims; award him back pay and equitable relief; award him liquidated damages; award him reasonable attorneys' fees and costs of suit; and, award him such other relief as the Court deems just and proper.

### Jury demand

Cook requests a jury trial on all issues triable by jury on the complaint.

Respectfully submitted,

 /s/ Matthew D. Besser
Cathleen M. Bolek (0059884)
Matthew D. Besser (0078071)
**BOLEK BESSER GLESIUS LLC**
Monarch Centre, Suite 302
5885 Landerbrook Drive
Cleveland, Ohio 44124
T 216.464.3004
F 866.542.0743
cbolek@bolekbesser.com
mbesser@bolekbesser.com

*Counsel for Plaintiff*